IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNADETTE WILKINSON,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.   2:21-cv-2588 |
| v. | : | |
| | : | |
| **ABINGTON TOWNSHIP,** | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## COMPLAINT

**I. PRELIMINARY STATEMENT**

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Bernadette Wilkinson (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant Abington (hereinafter "Abington"), who has been harmed by race discrimination, and retaliatory practices as well as other improper conduct by Abington and its agents, servants, and representatives .

This action is brought under Title VII of the Civil Rights Acts of 1964 and 1991, as amended., 42 U.S.C. §2000e.

**II. JURISDICTION AND VENUE**

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. §2000e-5(f), 28 U.S.C. §1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII, 42 U.S.C. §2000e *et seq.*, and the ADEA, 29 U.S.C. § 621 *et seq.*

2. Venue is proper in the Eastern District of Pennsylvania as some or all of the events complained of herein occurred in Montgomery County, Pennsylvania.

1

3. All conditions precedent to the institution of this suit have been fulfilled. As to the federal Title VII, Plaintiff has invoked the procedure set forth in the Title VII and has received a Notice of Right to Sue as required. On January 15, 2021, Plaintiff filed a Charge of Discrimination with the EEOC, which was cross filed with the PHRC, against Abington alleging, *inter alia* race-based employment discrimination, and retaliation. On March 12, 2021, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.

4. This action has been filed within ninety (90) days of receipt of said Notice.

### III. PARTIES

5. Plaintiff, Bernadette Wilkinson, is an adult Caucasian female citizen and resident of the Commonwealth of Pennsylvania.

6. Plaintiff was hired by Defendant, Abington Township as a Receptionist in 2016.

7. At all times relevant hereto, Plaintiff was a proper, loyal, and competent employee.

8. At the time of her furlough from employment, Plaintiff's direct supervisors were Township Manager Richard Manfredi and Tara Wehmeyer, Assistant Township Manager.

9. Abington is a Township of the First Class established under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1176 Old York Road, Abington, PA 19001.

10. Richard Manfredi (hereinafter "Manfredi") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action, Manfredi was the Township Manager for Abington. At all times relevant hereto, Manfredi was an agent, servant, workman and/or employee of Abington, acting and/or failing to act within the scope, course, and authority of his employment and his employer, Abington. At all times relevant, Manfredi was

acting in his supervisory and/or personal capacity.

11. Tara Wehmeyer (hereinafter "Wehmeyer") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action, Wehmeyer was the Assistant Township Manager for Abington. At all times relevant hereto, Wehmeyer was an agent, servant, workman and/or employee of Abington, acting and/or failing to act within the scope, course, and authority of her employment and her employer, Abington. At all times relevant, Wehmeyer was acting in her supervisory and/or personal capacity.

12. At all times relevant herein, Plaintiff was a "person" and "employee" as defined by Title VII and is subject to the provisions of the Act.

13. At all times relevant herein, Abington was an "employer" as defined by Title VII, and is subject to the provisions of the Act.

14. At all times relevant hereto, Abington acted by and/or failed to act by and through the conduct of its officers, managers, agents, and employees, all acting within the scope and course of their employment, including but not limited to Manfredi and Wehmeyer.

15. At all times material hereto, Abington employed more than fifteen employees.

## IV. CAUSES OF ACTION

16. Plaintiff was furloughed because of the COVID-19 pandemic along with other employees in March 2020, effective March 17, 2020 with the expectation of being recalled on Monday, March 30th.

17. That recall date was later extended to January 1, 2021

18. Plaintiff has not been recalled to date.

19. Although Plaintiff was told that all three Receptionists were being furloughed, she

learned on or about July 21, 2020 that "Loretta," African-American was not furloughed.

20. In July 2020, Plaintiff applied for a Customer Service Specialist with the Engineering Department-Code Division which is a reception position that would have allowed her to return to work in August 2020.

21. Plaintiff was qualified for this position and had performed the duties of this position in the past.

22. On or about August 7, 2020, Plaintiff learned that "Sherrie," African-American, was hired for this position.

23. At that time, Defendant falsely claimed that "Sherrie" had more experience, when in fact Plaintiff had three years seniority over "Sherrie" and had trained her in the duties of her position.

24. Abington's reason for continued furlough and failure to restore her to the Receptionist position in the Engineering Department are manufactured and pretextual in order to conceal the race based animus for discrimination.

25. As Manfredi and Wehmeyer were Plaintiff's direct supervisors and engaged in the discriminatory conduct that resulted in the furlough and failure to return Plaintiff to her employment, Abington is strictly liable for this conduct.

26. Abington was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

27. As a direct result of Abington's conduct, Plaintiff has been irrevocably damaged.

28. As a direct result of Abington's conduct, Plaintiff has suffered and continues to

suffer severe emotional, psychological, and physical distress.

29. As a direct result of Abington's conduct, Plaintiff's career, professional, and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

## COUNT I
## PLAINTIFF v. ABINGTON
## VIOLATION OF TITLE VII

39. Paragraphs 1 through 38 inclusive, are incorporated by reference as if fully set forth at length herein.

40. Solely because of Plaintiff's race, Plaintiff was treated disparately and denied the opportunity to continue in her employment with Abington.

41. The foregoing acts of Abington constitute unlawful discrimination against Plaintiff in violation of Title VII.

42. The action of Abington is without reason or basis and is so arbitrary, capricious, and unfounded that Plaintiff is thereby denied due process of law.

43. Plaintiff has no adequate remedy at law.

44. As a direct result of Abington's willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of her race, in violation of Title VII, Plaintiff has sustained loss of earnings, and benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT II
## PLAINTIFF v. ALL DEFENDANTS
## 42 U.S.C. 1981 and 1983

53. Paragraphs 1 through 52 inclusive, are incorporated by reference as if fully set forth at length herein.

54. Plaintiff was a public employee with an expectation of continued employment.

55. By the acts complained of Defendants deprived Plaintiff of the rights, privileges and immunities, and due process provided for in the United States Constitution because of her race

56. The deprivation directly and indirectly led to the extended furlough and failure to return Plaintiff's to her employment.

## V. **PRAYER FOR RELIEF**

57. Paragraphs 1 through 56 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Exercise jurisdiction over her claim;

b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

c. Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological, and emotional injuries, anguish, humiliation, anxiety, physical and mental pain, and suffering and loss of life's pleasures,

    all of which may be permanent, together with interest, resulting from Abington' discriminatory and unlawful conduct;

  d. Reinstate Plaintiff to her former position together with back pay and compensatory damages;

  e. Award Plaintiff attorneys' fees and costs; and

  f. Grant such other relief, as the Court deems just and equitable.

## VI. **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

        HAHALIS & KOUNOUPIS, P.C.

      By: */s/ David L. Deratzian*
        DAVID L. DERATZIAN, ESQUIRE
        20 East Broad Street
        Bethlehem, PA  18018
        (610) 865-2608
        Attorneys for Plaintiff

Date:  June 8, 2021